KAUFMAN | DOLOWICH

Kaufman Dolowich LLP
One Battery Park Plaza, Suite 1120
New York, New York 10004
Telephone: 212.485.9600
Facsimile: 212.485.9700
www.kaufmandolowich.com

**Matthew H. Lee**
E: mlee@kaufmandolowich.com
D: 212.485.9967

May 20, 2026

**VIA ECF**

The Hon. Steven I. Locke, U.S.M.J.
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 820
Central Islip, New York 11722

Re: **DEFENDANT'S LETTER MOTION REQUESTING EXTENSION OF TIME TO SERVE RESPONSES AND OBJECTIONS TO PLAINTIFF'S DISCOVERY DEMANDS**
*Heli's Gold Beauty S.R.L. Unipersonale v. Perfume Worldwide Inc.*,
Case No. 2:25-cv-05124-SJB-SIL

Dear Judge Locke:

We represent Defendant Perfume Worldwide Inc. d/b/a The PCA Group ("PCA") in the above-referenced matter and respectfully submit this letter motion, pursuant to Rule V.A.1. of Judge Bulsara's Individual Practices (Civil) and Rule 1.C, Rule II.B and Rule 4.A.i. of Your Honor's Individual Rules, to request a 30-day extension of PCA's time to serve responses and objections to Plaintiff Heli's Gold Beauty S.R.L. Unipersonale's ("Heli's Gold") First Set of Interrogatories and First Request for Production of Documents (the "Demands"). PCA has requested such extension from Heli's Gold but the parties cannot come to an agreement.

Heli's Gold served its Demands on PCA via email on January 16, 2026. On February 5, 2026, the parties held a conference to discuss the deadlines to serve responses and objections to the Demands and the parties' respective positions on a stay of discovery in light of PCA's then pending letter motion to the Court requesting a premotion conference on PCA's proposed motion to dismiss. The parties agree that the Demands were deemed served on the date of the premotion conference, which was held on April 21, 2026, and during which the Court exercised its discretion to construe the premotion letter as the motion itself and Judge Bulsara granted in part and denied in part PCA's motion to dismiss. Thus, PCA's responses and objections to the Demands are due by May 21, 2026.

The parties, however, have yet to discuss the discovery-related needs of the case pursuant to Fed. R. Civ. P. Rule 26(f) or confer on a Proposed Scheduling Order pursuant to the Court's April 28, 2026 Initial Conference Order [ECF Doc. No. 18]. Given this, and that the attorney coordinating discovery on this matter was out-of-office on a long-planned vacation, Defendant's

---

counsel requested a courtesy extension to June 22, 2026 to respond to Plaintiff's Demands. Plaintiff's counsel responded that Plaintiff would agree to such extension if Defendant began producing documents by that date. Defendant, however, cannot agree to this condition at this stage, particularly where the parties have yet to meaningfully discuss discovery matters, such as ESI expectations, potential objections to the Demands, or the appropriate scope of discovery given the Court's decision on the motion to dismiss. The parties could not agree on an extension following further communications.

In light of the above, PCA respectfully requests a 30-day extension to June 22, 2026, to serve its responses and objections to Plaintiff's Demands. We appreciate the Court's consideration of our request.

Respectfully submitted,

**KAUFMAN DOLOWICH LLP**

*/s/ Matthew H. Lee*
Matthew H. Lee
Patrick M. Kennell
*Attorneys for Defendant*

cc: (*via* ECF)

Benjamin D. Baker, Esq.
bbaker@nfllp.com
Jeffrey M. Norton, Esq.
jnorton@nfllp.com
NEWMAN FERRARA LLP
1250 Broadway, 27th Floor
New York, New York 10001
*Attorneys for Plaintiff*