NEWMAN FERRARA LLP
55 East 59th Street, 17th Floor, New York, NY 10022
tel. 212-619-5400 • fax 212-619-3090
www.nfllp.com

May 20, 2026

*Via ECF*

Hon. Steven I. Locke, U.S.M.J.
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

*Re: Heli's Gold Beauty S.R.L. Unipersonale v. Perfume Worldwide Inc. d/b/a The PCA Group*, No. 2:25-cv-05124-SJB-SIL

Dear Judge Locke:

We represent Plaintiff Heli's Gold Beauty S.R.L. Unipersonale ("Heli's Gold") and respectfully submit this response in opposition to the letter motion filed by Defendant Perfume Worldwide Inc. d/b/a The PCA Group ("PCA") on May 20, 2026 (Dkt. No. 20), which seeks a thirty-day extension of PCA's time to respond to Plaintiff's First Set of Interrogatories and First Request for Production (the "Demands"). PCA's motion should be denied as premature and unnecessary.

PCA filed its motion two days before a scheduled discovery conference, and before the parties were to negotiate the scope of the Demands and confer on a Proposed Scheduling Order pursuant to the Court's April 28, 2026 Initial Conference Order (Dkt. No. 18). And, as PCA's motion concedes, Heli's Gold already offered the extension PCA seeks. More specifically, on May 12, 2026, after PCA confirmed that Heli's Gold's discovery requests were deemed served as of April 21, 2026, Heli's Gold agreed to extend PCA's response deadline to June 22, 2026, provided PCA would begin producing documents by that date. PCA refused that condition, not because it was unable to serve written responses by June 22, but because it would not commit to beginning any production by then. In the May 12, 2026 communications, the parties also agreed that the issue of discovery deadlines would be discussed during the scheduled May 22, 2026 conference. Thus, the Court's intervention is not required.

PCA's request is not reasonable. Heli's Gold served its discovery requests on January 16, 2026. PCA therefore has had the requests for more than four months and, by its own admission, agreed that the response clock began on April 21, 2026. Under Rule 34, requests delivered before the Rule 26(f) conference are deemed served at the first Rule 26(f) conference, and responses are

due 30 days thereafter. *See* Fed. R. Civ. P. 26(d)(2)(B), 34(b)(2)(A). PCA does not dispute that the operative deadline is May 21, 2026. Nor does PCA identify any specific request it cannot answer, any particular ESI issue that prevents it from serving responses, or any concrete burden that would justify a complete deferral of both objections and production until late June.

PCA's reliance on the upcoming discovery-planning process does not warrant the relief requested. Rule 26(f) issues concerning custodians, ESI protocols, search terms, production format, and sequencing can be discussed on the parties' already-scheduled discovery call. Those issues do not excuse PCA from serving timely written responses and objections or from beginning a rolling production of plainly responsive, non-privileged materials. PCA's written responses can preserve appropriate objections, identify any categories withheld, and state whether responsive documents will be produced, as Rule 34 requires. *See* Fed. R. Civ. P. 34(b)(2)(B)–(C). If there are genuine ESI issues requiring further conferral, PCA can identify them with specificity. What PCA should not be permitted to do is use generalized references to ESI and the discovery plan as a basis to delay all discovery activity.

Nor does counsel's vacation establish good cause for the requested relief. Heli's Gold does not seek to manufacture default or prejudice PCA. It offered the full 30-day extension. The only dispute is whether PCA must do something meaningful by the extended date. Requiring PCA to serve responses and begin a rolling production by June 22 is a modest, practical condition that aligns with the Rules' command that discovery be administered to secure the just, speedy, and inexpensive determination of the action. *See* Fed. R. Civ. P. 1.

Finally, as described *supra*, the timing of PCA's motion is problematic. The parties have a discovery conference scheduled for Friday, May 22, 2026, to discuss the discovery plan and related issues. Heli's Gold expressly advised PCA that the parties could discuss discovery deadlines on that call. PCA nevertheless filed its motion before that conference occurred. Heli's Gold has not sought, and does not seek, to hold PCA to an unreasonable deadline or to have PCA's responses deemed due while the parties confer. To the contrary, Plaintiff offered to consent to the extension PCA requested and remains willing to finalize a reasonable extension at the parties' conference. Denial of the motion as premature therefore works no prejudice to PCA. It simply returns the issue to the conference table, where it belongs, and conserves the resources of both the Court and the parties. Should the parties prove genuinely unable to resolve the matter after conferring, PCA may renew its request.

For the foregoing reasons, Heli's Gold respectfully requests that the Court deny PCA's letter motion as premature, without prejudice to renewal should the parties be unable to resolve the issue at their forthcoming conference. In the alternative, and should the Court prefer, Plaintiff respectfully requests that the Court condition PCA's request as follows: PCA shall serve complete written responses and objections to Heli's Gold's interrogatories and document requests by June 22, 2026; PCA shall begin a rolling production of non-privileged responsive documents by that

same date; and PCA shall continue rolling productions at reasonable intervals thereafter until complete.

We appreciate the Court's attention to this matter and are available to address any questions.

Respectfully submitted,

NEWMANN FERRARA LLP

*/s/ Jeffrey M. Norton*

Jeffrey M. Norton
Benjamin D. Baker
55 East 59th Street, 17th Floor
New York, New York 10022
(212) 619-5400
jnorton@nfllp.com
bbaker@nfllp.com

*Attorneys for Plaintiff*

cc: Counsel for Defendants
Kaufman Dolowich, L.L.P.